UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LARRY McGUIRE                                        CIVIL ACTION

VERSUS                                               NO. 03-0422

BURL CAIN, WARDEN                                    SECTION "K"(6)

ORDER AND OPINION

Before the Court is the "Rule 60B Motion" filed by petitioner Larry McGuire, *pro se*. (Doc. 18). Having reviewed the pleadings, memorandum, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Background

Because the procedural history of this matter is set forth in detail in the Report and Recommendation prepared by Magistrate Judge Louis Moore, Jr. (Doc. 7), only the background relevant to this motion is included herein. On December 9, 1994, a state court jury convicted Larry McGuire of second degree murder. The state district judge sentenced McGuire to a term of life imprisonment without benefit of parole, probation, or suspension of sentence. The Louisiana Fourth Circuit Court of Appeals affirmed petitioner's conviction on direct appeal. Thereafter the Louisiana Supreme Court denied McGuire's application for writs. Thus, McGuire's sentence became final on January 9, 1998.

On January 16, 1998 petitioner filed an application for post-conviction relief with the state district court. On November 10, 1999, following an evidentiary hearing and oral argument by petitioner's counsel, the state district judge orally denied petitioner relief. Petitioner then filed a motion for clarification and reconsideration of the November 10, 1999 denial of relief. On

December 3, 1999, the state district judge denied McGuire's motion for clarification and reconsideration. The entry of that order triggered the 30 day period for petitioner to seek appellate relief from the order denying the motion for clarification and reconsideration.

Subsequently petitioner filed a motion to obtain a copy of the transcript of the evidentiary hearing and notified the district court that he intended to seek writs concerning the denial of his request for relief. The district court ordered petitioner to file his application for writs not later than January 24, 2000 and ordered that the Public Indigent Defender Office provide petitioner with a copy of the transcript of the evidentiary hearing held November 10, 1999 or alternatively ordered the district attorney's office to show cause why the requested documents should not be provided to petitioner. Although the state district court later rescinded this order, ultimately the state court provided petitioner with a copy of the transcript, and the state district court extended until June 1, 2001, the deadline for McGuire to file a writ application with the state appeals court. After the state appeals court denied petitioner's writ application, he sought relief from the Louisiana Supreme Court which denied relief on December 13, 2002.

On January 13, 2003, petitioner filed a petition for federal *habeas corpus* relief pursuant to 28 U.S.C. §2254. Petitioner urged that his conviction should be vacated for the following reasons:

- the trial judge's failure to properly instruct the jury deprived petitioner of due process;
- the prosecutor improperly referred to petitioner's failure to testify thereby violating his right to due process and a fair trial;
- ineffective assistance of trial counsel; and
- the unconstitutional selection of the grand jury foreperson.

The Court referred the motion to the United States Magistrate Judge who issued a Report and Recommendation opining that McGuire's petition be denied with prejudice as untimely pursuant to

28 U.S.C. §2244(d)(1) (Doc. 7). Petitioner filed objections to the Report and Recommendation (Doc. 8). The Court overruled the petitioner objections, issued an Order and Reasons adopting the Magistrate Judge's findings, and dismissed McGuire's petition with prejudice (Doc. 10). The Court also denied petitioner a certificate of appealability (Doc. 14) as did the United States Court of Appeals for the Fifth Circuit (Doc. 16).

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and relying on *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309 (2012) and *Lindsey v. Cain*, 2012 WL 1366040 (5th Cir. 2012), petitioner asks this Court to reconsider its order dismissing his petition for *haberas corpus* relief. In *Martinez v. Ryan* the Supreme Court held that inadequate assistance of counsel at the initial- review state collateral proceeding may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel, if the claim of ineffective assistance of counsel could not have been raised on direct appeal pursuant to controlling state court precedent. *Martinez v. Ryan*, 132 S.Ct. at 1316.

Law and Analysis

As an initial matter, the Court must determine whether McGuire may bring this Rule 60(b) motion. It is well established that Rule 60(b) may not be used to attack a prior merits-based ruling. *Balentine v. Thaler*, 626 F.3d 842, 846 (5th Cir. 2010). However, "where a habeas petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as . . . statute-of-limitations bar,' Rule 60(b) empowers a federal court to hear the petitioner's challenge." *Hernandez v. Thaler*, 630 F.3d at 427)(quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)).

Here, although the Court dismissed McGuire's petition as time-barred, petitioner does not

3

challenge that determination. Rather, petitioner urges that he is entitled to the relief sought because the law relevant to his claim of ineffective assistance of counsel has changed. The Court never reached the merits of petitioner's claim of ineffective assistance of counsel because the petitioner for *habeas corpus* relief was untimely. Given that the Court never reached the merits of petitioner's ineffective assistance of counsel claim, no alleged change in the law applicable to ineffective assistance of counsel claims can serve as a basis to vacate the judgment dismissing McGuire's claim as time-barred. Moreover, because petitioner has not offered alleged any basis for challenging the Court's decision that his petition was time-barred, plaintiff is not entitled to the relief sought. Accordingly, the motion for relief under Rule 60(b) is DENIED.

New Orleans, Louisiana, this 4th day of September, 2013.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE